FILED

JUL 11 2018

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JONATHAN COOK,<br><br>Petitioner,<br><br>vs.<br><br>JAMES SALMONSEN,<br><br>Respondents. | Cause No. CV 18-122-M-DLC-JCL<br><br>ORDER FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

On July 2, 2018, Petitioner Jonathan Cook filed this action under 28 U.S.C. § 2254. Cook is a state prisoner proceeding pro se. Cook alleges the 10-year sentence he received in Montana's Twentieth Judicial District, Lake County, is illegal and that the credit awarded him for time served is incorrect. (Doc. 1 at 2). Cook asks this Court to remand the matter to the state district court for resentencing and grant any additional relief the Court sees fit. *Id.*

## I.  Motion to Proceed In Forma Pauperis

Mr. Cook has moved this Court to proceed in forma pauperis. After reviewing the motion and supporting account statement, Cook has sufficiently shown he cannot afford to pay all costs that may be associated with this action. Accordingly,

1

the motion to proceed in forma pauperis (Doc. 2) will be granted.

## II. 28 U.S.C. § 2254 Petition

The Court is required to screen all actions brought by prisoners who seek relief. 28 U.S.C. § 1915(a). The Court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally frivolous or fails to state a basis upon which relief may be granted. 28 U.S.C. § 1915A(b)(1), (2). The Court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 Governing Section 2254 Cases. For the reasons set forth below, Mr. Cook's petition should be denied for failure to state a cognizable federal claim.

## III. Procedural History

Although Cook provided limited information in his petition, the procedural history can be gleaned from the Montana Supreme Court's decision denying Cook state habeas relief. *See Cook v. Salmonsen*, OP 18-0211, Or. (Mont. May 8, 2018).[1] The Court explained:

> On October 20. 2016, Cook entered an Alford plea to a reduced charge of felony criminal endangerment in the Twentieth Judicial District Court, Lake County. The District Court pointed out that the maximum penalty for such an offense is ten years imprisonment in a state prison, pursuant to § 45-5-207-(3), MCA. The court deferred his sentence for three years and credited Cook with ninety-nine days of credit for time served. The court specifically stated: "If the Defendant violates and condition, the [c]ourt can sentence the

---

[1] All state court orders and briefs available at: https://supremecourtdocket.mt.gov (accessed July 2, 2018).

2

> Defendant to imprisonment in the state prison for a term not to exceed 10 years."
>
> About six months later, on March 23, 2017, the court issued a judgment revoking the deferred sentence based upon the State's petition to revoke and Cook's admissions of probation violations. The court imposed a ten-year term with no time suspended to the DOC and credited Cook with a total of 129 days of time served. The court specifically state in this judgment that Cook "shall not receive credit for any other elapsed probationary time due to his violations of probation." Cook did not appeal either judgment.

*Cook*, OP 18-0211, Or. at 1-2.

The Court went on to hold that Cook's claim was barred by state statute which prohibits a grant of habeas relief from an order revoking a deferred sentence. *Id.* at 2. Further, the Court determined Cook's claims were lacking in merit because the district court properly exercised its discretion in imposing the sentence upon revocation and electing not to award Cook credit for street time. Because the sentence Cook received was legal, and not longer than that allowed by law, his petition was denied. *Id.*

IV. **Analysis**

As a preliminary matter, Cook has not explained what federal constitutional violation he believes to have occurred. Federal habeas courts shall entertain a petition for writ of habeas corpus only on the ground that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). "[T]he essence of habeas corpus is an attack by a person in

3

custody upon the legality of that custody…" *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Additionally, federal habeas corpus relief does not lie for errors of state law. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); see also, *Peltier v. Wright*, 15 F. 3d 860, 861061 (generally federal habeas corpus relief is unavailable for alleged errors in interpretation and application of state law). Thus, unless an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable via a petition for federal habeas corpus relief. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

As set forth in the Montana Supreme Court's decision, upon revocation of Cook's deferred sentence, the sentencing judge had the discretion to decide what sentence to impose and whether or not to award Cook credit for his street time. In its judgment, the district court imposed a 10-year sentence and denied Cook credit for street time, but did credit Cook for the 129 days he served in custody.[2] All of this was well within the district court's sentencing authority under state law.

To the extent that Cook seeks to challenge the Montana state courts' interpretation of state law and the application of state sentencing and revocation provision to him, the claim is not cognizable in federal habeas. "[I]t is not the province of a federal habeas court to reexamine state court determinations on state

---

[2] *See Cook*, OP 18-0211, Or. at 2, fn. 2 (Montana Supreme Court calculates the credit due to Cook for time served as 126 days, but notes the district court credited Cook with 129 days).

4

law questions." *Lewis v. Jeffers*, 497 U.S. 764 (1990); *Pulley v. Harris*, 465 U.S. 37, 41 (1984). Neither this Court nor the United States Supreme Court may question the Montana Supreme Court's interpretation of Montana law. *See, e.g., Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("Today we reemphasize that it is not the province of a federal habeas court to reexamine state court determinations on state law questions."); *Wisconsin v. Mitchell*, 508 U.S. 476, 483 (1993) ("There is no doubt that we are bound by a state court's construction of a state statute.").

Furthermore, even if there was error committed by the state sentencing court, "a mere error of state law, one that does not rise to the level of a constitutional violation, may not be corrected on federal habeas." *Gilmore v. Taylor*, 508 U.S. 333, 348-49 (1993). A federal court can grant habeas relief only if the petitioner has demonstrated that the state court violated the United States constitution or federal law. *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011). Cook's claim is not cognizable in a federal habeas proceeding; his petition should be denied.

## V. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C.

5

§ 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The claims Cook attempts to advance does not make a substantial showing that he was deprived of a constitutional right. A certificate of appealability should be denied because reasonable jurists would find no reason to encourage further proceedings.

Based on the foregoing, the Court enters the following:

### ORDER

Mr. Cook's Motion for Leave to Proceed in Forma Pauperis (Doc. 2) is GRANTED. The Clerk of Court shall waive payment of the filing fee.

### RECOMMENDATION

1. Cook's Petition (Doc. 2) should be DENIED for lack of merit; the claims are not cognizable in federal habeas.

2. The Clerk of Court should be directed to enter judgment in favor of Respondent and against Petitioner.

3. A certificate of appealability should be DENIED.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION

## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Cook may object to this Findings and Recommendation within 14 days.[3] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Cook must immediately notify the Court of any change in his mailing address.</u> Failure to do so may result in dismissal of his case without notice to him.

DATED this 10th day of July, 2018.

_____
Jeremiah C. Lynch
United States Magistrate Judge

---

[3] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Cook is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

7